OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Conisha P. Ratcliffe, appeals from the trial court's decision to impose more than the minimum sentence following her conviction for robbery.
In December 2000, the Lake County Grand Jury indicted appellant on one count of robbery, in violation of R.C. 2911.02(A)(2), and one count of theft from an elderly person, a violation of R.C. 2913.02(A)(4). Pursuant to a negotiated plea agreement with the state, appellant entered a written plea of guilty to robbery in exchange for the dismissal of the remaining charge. The trial court accepted appellant's guilty plea and referred her to the probation department for a presentence investigation report.
During the subsequent sentencing hearing, the trial court ordered appellant to serve a definite three-year term of imprisonment for her robbery conviction. In addition, the trial court also sentenced appellant to one year in prison on a separate charge in an unrelated matter.[1]
From this judgment, appellant filed a timely notice of appeal with this court. She now argues under her sole assignment of error that the trial court erred in sentencing her to serve three years on the robbery conviction because the court failed to make the required findings under R.C. 2929.14(B).[2]
Appellant is correct that R.C. 2929.14(B) requires the sentencing court to impose the minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term would demean the seriousness of the conduct or would not adequately protect the public from future crime by the offender. State v. Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, at 6. However, in interpreting this requirement, the Supreme Court of Ohio has held:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.) State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, syllabus.
According to Edmonson, a trial court is not required to give its reasons underlying its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crime before the court can lawfully impose more than the minimum authorized sentence. Bradford at 7. Rather, when sentencing a person to first-time imprisonment, the trial court merely has to state somewhere on the record that one or both of the reasons set forth in R.C. 2929.14(B) justify a sentence which is longer than the minimum.Bradford at 7-8. In other words, the trial court "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Edmonson at 326.
This court has held on numerous occasions that the findings mandated by R.C. 2929.14(B) "must appear somewhere on the record of sentence, either
in the judgment or in the transcript of the sentencing hearing." (Emphasis added.) State v. Rone (Dec. 4, 1998), 11th Dist. No. 98-A-0001, 1998 Ohio App. LEXIS 5813, at 6. See, also, State v. Hoskins
(Mar. 16, 2001), 11th Dist. No. 2000-A-0037, 2001 Ohio App. LEXIS 1232. That is, "so long as the trial court makes the required finding on the record, it does not matter whether it is made in the sentencing entry or during the sentencing hearing itself." State v. Jaryga (Dec. 28, 2001), 11th Dist. No. 99-L-179, 2001 Ohio App. LEXIS 6002, at 13.
After looking at the record before us, we conclude that the trial court fully complied with R.C. 2929.14(B), this court's application thereof, and Edmonson, when it deviated from the minimum sentences. The trial court's judgment entry contains the following finding: "The Court * * * finds pursuant to R.C. 2929.14(B) that the shortest prison term will demean the seriousness of [appellant's] conduct." Although it may be better if trial courts would provide more of an explanation in these matters, they are simply not required to do so.[3]
Based on the foregoing analysis, appellant's sole assignment of error is not well-taken. The judgment of the trial court, therefore, is affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.
[1] During oral arguments, appellant's attorney correctly noted that the trial court appears to have confused the victims' names when discussing the appropriate punishment. There is no indication, however, that the trial court's confusion influenced the sentence that the court subsequently imposed.
[2] Appellant does not challenge her sentence with respect to the unrelated charge.
[3] Appellant's reliance upon our decision in Hoskins is misplaced because in that case, we reversed the judgment of the trial court and remanded the matter for resentencing on the grounds that the court never made the required finding under R.C. 2929.14(B) in either the written judgment entry or the transcript of the sentencing hearing.